IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT MINOR,              §
       Petitioner,    §
                           §
V.                         §   Civil Action No. 4:19-CV-377-O
                           §
ERIC D. WILSON, Warden,    §
FMC-Fort Worth,            §
       Respondent.   §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Robert Minor, a federal prisoner confined at FMC-Fort Worth, against Eric. D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner is serving a 151-month term of imprisonment for his 2015 conviction in the United States District Court for the Southern District of Mississippi for possession with intent to distribute 500 grams or more of methamphetamine. Resp't's App. 5-6, ECF No. 10. It appears that Petitioner has filed a motion to reduce his sentence in the convicting court but did not directly appeal his conviction or sentence or file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Id.* at 18-20.

In the instant § 2241 petition, Petitioner challenges his 2015 conviction based on (1) actual innocence; (2) manifest miscarriage of justice; and (3) fraud upon the court. Pet. 7, ECF No. l. Although Petitioner pleaded guilty pursuant to a plea agreement, he asserts that he is actually innocent of the offense for which he was convicted and allowing his conviction to stand would

amount to a fundamental or manifest miscarriage of justice. Pet'r's Mem. 2, ECF No. 2; Pet'r's Traverse 1-4, ECF No. 13. His actual-innocence claim is based upon alleged newly obtained evidence—a DVD containing video footage which he claims "clearly shows [he] was unaware of the drugs being planted in his car by the government's sole informant." *Id.* at 4. According to Petitioner, "the government's witness perjured himself by testifying [to] the events differently as stated in the Affidavit from the video and thereby committing fraud upon the court and in violation of federal law." *Id.* Respondent asserts that the petition should be dismissed because Petitioner fails to satisfy the so-called "savings clause" under § 2255(e).

## II. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his federal conviction and sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction and sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable United States Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893,

904 (5th Cir. 2001).

Petitioner fails to satisfy these requirements in all respects. And, his argument that the actual-innocence and miscarriage-of-justice standards should provide an exception to the § 2255 savings clause requirements fails, "as there is no authority extending the actual-innocence gateway to permit § 2241 proceedings." *See Perez v. Stephens,* 593 Fed. App'x 402 (5th Cir. 2015) (citing *House v. Bell,* 547 U.S. 518 (2006) and *Schlup v. Delo,* 513 U.S. 298 (1995)). Petitioner has not identified any Supreme Court decision that retroactively applies to his case. Nor has he asserted that he has been convicted of a nonexistent offense, or that his claims would be foreclosed by circuit law in a first § 2255 motion. He acknowledges that a § 2241 petition is not an alternative to the relief afforded by motion in the convicting court under § 2255, and he cannot rely on § 2241 to avoid procedural hurdles presented under § 2255. *See Jeffers*, 253 F.3d at 830; *Pack v. Yusuff,* 218 F.3d 448, 452-53 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)); *Tolliver,* 211 F.3d at 877.

Petitioner has not met all three criteria required to invoke the savings clause of § 2255 as to the claims presented in this habeas-corpus petition. The Court is therefore without jurisdiction to consider the petition.[1] *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of

---

[1] Because the Court lacks jurisdiction over this action, the issue of Petitioner's waiver of his postconviction remedies is not discussed.

appealability is **DENIED**.

**SO ORDERED** on this 13th day of January, 2020.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**